STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) CIVIL ACTION NO.: 2016-CP-26-_17082_

TIMOTHY T. INGERSOLL,   )
                        )
        Plaintiff,      )
                        )      COMPLAINT
    vs.                 )
                        )
UNIVERSAL INSURANCE COMPANY )
OF NORTH AMERICA,       )
                        )      [Jury Trial Demanded]
        Defendant.      )
_____)

TO:    THE DEFENDANT ABOVE NAMED:

The Plaintiff above named complaining of the Defendant herein respectfully alleges as follows:

## FACTUAL BACKGROUND

1. Plaintiff is a resident of Horry County, South Carolina.

2. Defendant is an insurance company organized and existing under the laws of a state other than South Carolina and, upon information and belief, is registered with the South Carolina Department of Insurance to do business in South Carolina, and, at all times herein mentioned, did business through its agents, servants and employees in Horry County, South Carolina.

3. That at all times herein mentioned, the Defendant issued policies of homeowner's insurance to the residents of South Carolina insuring their homes against fire, windstorm, flood, and other unexpected risks.

4. That in August of 2010, Defendant issued a HOMEOWNERS 3 SPECIAL FORM insurance policy # HSC1501753 to the plaintiff wherein and whereby the Defendant insured the Plaintiff's home, located at 310 Magrath Ave., Conway, South Carolina, against property damage

for physical injury to, destruction of, or loss of use of tangible property caused by an "occurrence" meaning "an accident, including continuous or repeated exposure to substantially the same general conditions, which results, during the policy period, in "property damage".

5. That the Plaintiff annually renewed his homeowner's policy through August 2015, the last policy period being from August 9, 2014 through August 9, 2015, by paying his annual homeowner's insurance premium of $1,886.00 which was accepted by the Defendant.

6. That on or about November 4, 2013, the Plaintiff discovered that his home had been damaged by the continuous or repeated exposure to substantially the same general conditions, i.e., the undermining of the foundation, brick veneer, and interior of his home by tree roots of several trees which resulted in "property damage" to his home.

7. That the damage was caused by tree root systems of trees to the right front, corner, side and rear of the house as well as the left side, corner and rear of the house.

8. That the Plaintiff notified the Defendant of the damage to his home and requested that Defendant come to his home and adjust the loss he had sustained.

9. That the Defendant sent an adjuster to the Plaintiff's home and began adjusting the damage to Plaintiff's home.

10. That the Defendant adjusted the loss, advised the Plaintiff that damage to the exterior and interior of his home caused by tree root systems was covered under the terms of the policy; however, Defendant adjusted and paid only the very small and undervalued amount of $615.28 for damage to the right front corner of Plaintiff's home and ignored and refused to adjust and pay for the damage to the remainder of Plaintiff's home.

11. That the Defendant did not send any payment of the Plaintiff's claim until over eight (8) months after being notified of the loss when it sent a check for only $615.28 which the Plaintiff did not accept.

12. That the amount paid by the Defendant was November 3, 2016, insufficient to repair the damage done to the Plaintiff's home.

13. That Plaintiff advised the Defendant that the funds provided in settlement of his claim was insufficient and that it should pay for the actual damage to his home.

14. That the Defendant ignored and refused the requests of the Plaintiff to pay for the damage to his home.

15. That when Plaintiff refused to accept the Defendant's check and requested that it properly adjust his claim, the Defendant, by and through its agent, by an unsigned letter dated August 24, 2014, notified the Plaintiff that if he didn't repair the exterior and interior damage done to his home by the tree root system and provide it with proof of the repairs with color photographs of the repairs for its review within 30 days, it would cancel or refuse to renew his homeowner's insurance policy, by the following language:

> Based on a recent review of the 10/26/13 tree roots loss, it was determined that there is (sic) serveral (sic) cracks in the interior and exterior of the home. Please (sic) proof of repairs such as color photos for review. Photos can be emailed to propertyphotos@arrowheadgrp.com. Please respond within 30 days for review.
>
> Failure to provide any required information can result in the cancellation or non-renewal of your policy....

16. That when the Plaintiff refused to cash the insufficient settlement check issued by the Defendant, its adjuster sent another unsigned letter dated September 22, 2014 to the Plaintiff advising him that if he didn't cash the settlement check, the settlement funds would be in danger of escheating to the state by the following language:

> *Our records indicate that you have not cashed the above mentioned check. Unclaimed Property Law requires us to transfer unclaimed funds to the State Controller's Office due to inactivity. Your funds are in danger of escheating to the state unless you respond to the information below. If you do not claim your funds prior to the date they are turned over to the state, you will be required to file a claim with the State Controller's Office to obtain your funds.*
>
> "*Please check the box that applies to this payment and return the letter:*
>
> ☐ *I can identify this payment as being due to me.*
>
>     *1.* ☐ *Enclosed is the original check. Please issue a replacement to me.*

    2. ☐ *I am unable to locate the original check. Please take the necessary steps to issue a replacement check.*

☐ *The funds are not due to me."*

17. That upon information and belief, the Defendant attempted to cancel or non-renew the Plaintiff's homeowner's insurance policy; however, it was unable to do so because it had already accepted payment for the annual premium for the 2014-2015 year as set forth above.

18. That by letter of September 28, 2014, Defendant notified Plaintiff that his policy of homeowner's insurance would be non-renewed or cancelled for the following reasons by the following language:

> *The policy listed above will expire on 08/09/15. Upon reviewing your policy we are unable to offer a renewal for the following reasons:*
>
> *We have not received proof that the cracks in the interior and exterior of the home have been repaired after the 10/26/13 tree loss. This is unacceptable for our programs.*

19. Plaintiff thereafter, during the month of October 2014, presented the Defendant and its adjuster with a report by an independent company which calculated the loss to the foundation alone as $28,789.00 and again requested that Defendant properly adjust his claim and pay him for the damages to his home. That the Plaintiff also returned the Defendant's settlement check.

20. That Defendant ignored Plaintiff's requests to further adjust his claim and refused to pay for full amount of the Plaintiff's loss.

21. That the Plaintiff heard nothing from the Defendant regarding the payment of his claim until May 1, 2015 when Plaintiff received a "NOTICE OF NON-RENEWAL" giving as the reason therefore the same reason as stated in paragraph 18 above.

22. As a result the Plaintiff's policy was cancelled on August 9, 2015 and the Plaintiff has been unable to insure his interest in the subject property and is presently without insurance on his interest in the home and against liability for any injuries which might occur on his property.

## FOR A FIRST CAUSE OF ACTION
### (Bad Faith Failure to Pay First Party Insurance Benefits)

23. That the Plaintiff realleges the above allegations as though set out herein verbatim.

24. That the Defendant agreed that the damage to the Plaintiff's home was covered under the terms of its insurance policy and adjusted the Plaintiff's damages.

25. That the Defendant sent Plaintiff a check for $615.28 claiming that the check was in full and complete satisfaction of Plaintiff's claim for damages.

26. That the Plaintiff notified the Defendant that the payment was not sufficient to cover his losses and advised the Defendant that he was not going to negotiate the check, nor sign any release.

27. That the Defendant and its Claims Representative refused to negotiate in good faith and submitted only one settlement offer which was completely unrealistic and which bore no relation to the damage to Plaintiff's house.

28. That the Defendant and its Claims Representatives misrepresented to the Plaintiff that if he didn't cash the Defendant's settlement check that the settlement funds would be escheated to the State and that he would be required to file a claim with the State Controller's Office to obtain his funds. That such misrepresentation was a fraudulent attempt to convince the Plaintiff to cash the settlement check so that it could then claim that the Plaintiff had settled his claim and accepted $615.28 as full satisfaction of the insurance claim.

29. That the Defendant failed to promptly adjust and settlement Plaintiff's claim for the full amount due under the policy.

30. That the Defendant delayed the Plaintiff's claim for over eight (8) months before it paid anything on Plaintiff's claim and then tried to trick the Plaintiff into accepting an amount well below what was due under the policy.

31. That the Defendant ignored the Plaintiff's claim that it was overlooking other sections of the house that sustained damage.

32. That the Defendant consistently refused to consider the nature and extent of Plaintiff's loss and specifically rejected the opportunity to consider and evaluate Plaintiff's proof of loss.

33. That the issuance by Defendant of the policy of homeowner's insurance to Plaintiff created a contractual relationship between Defendant and Plaintiff. Defendant therefore was subject to the implied-in-law duty to act fairly and in good faith in order not to deprive Plaintiff of the benefits of the policy.

34. Defendant, its agents, servants, employees, and adjusters acted negligently, willfully, fraudulently, intentionally, and in bad faith in refusing to consider the nature and extent of Plaintiff's loss and in rejecting Plaintiff's claim.

35. This was done knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due Plaintiff under the terms of the policy.

36. Defendant had no legitimate or arguable reason for refusing to pay Plaintiff's valid claim.

37. By refusing to consider the nature and extent of Plaintiff's loss and by rejecting the opportunity to consider and evaluate Plaintiff's proof of loss, Defendant and its agents, servants, employees, and adjusters intentionally failed to determine whether there was any legitimate or arguable reason for refusing to pay Plaintiff's claim.

38. Defendant's intentional refusal to pay Plaintiff's valid claim was a breach of the implied-in-law duty of good faith and fair dealing and operated to unreasonably deprive Plaintiff of the benefits of the policy.

39. As a result of Defendant's refusal to pay the full amount of Plaintiff's claim, the Plaintiff's home has sustained additional damages and, consequently, increased costs to repair, and will cause the Plaintiff to find substitute living quarters resulting in consequential and incidental damages in addition to those damages due under his policy of insurance.

40. Plaintiff is informed and believes that he is entitled to actual, consequential, incidental, and punitive damages on his First Cause of Action, together with prejudgment interest.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract Accompanied by Fraudulent Acts)

41. Plaintiff realleges the above allegations as though set out herein verbatim.

42. That the above described actions on the part of the Defendant, its agents, servants, employees and adjusters constitute a breach of its insurance contract.

43. That the above described acts of omission and/or commission were committed with fraudulent intent.

44. That the above described acts of omission and/or commission were fraudulent acts accompanying the breach of the contract.

45. That as a result of the breach of contract accompanied by the aforementioned fraudulent acts, the Plaintiff has sustained actual, consequential and incidental damages as aforementioned, together with statutory attorney fees and prejudgment interest.

46. That the actions of the Defendant were reckless, willful, and fraudulent and warrant the assessment of punitive or exemplary damages to deter the Defendant and others from committing the same or similar acts in the future.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

47. Plaintiff realleges the above allegations as though set out herein verbatim.

48. That the above described actions on the part of the Defendant constitute a breach of its insurance contract with the Plaintiff.

49. That as a result, the Plaintiff is informed and believes he is entitled to actual, consequential and incidental damages on his Third Cause of Action.

50. That as a result of the unreasonable failure to pay the Plaintiff's insurance claim, he is informed and believes he is entitled to reasonable statutory attorney fees and prejudgment interest on his Third Cause of Action.

WHEREFORE, Plaintiff respectfully prays judgment against Defendant as follows:

A.  For Actual, consequential, incidental and punitive damages on his First or Second Cause of Action; or

B.  For Actual, consequential and incidental damages on his Third Cause of Action;

C.  For prejudgment interest at the statutory rate of 8.75%;

D.  For Statutory Attorney Fees;

E.  For the cost and disbursements of this action; and

F.  For such other and further relief as the Court deems just and proper.

STEVENS LAW FIRM, P.C.

By: _____

JAMES P. STEVENS, JR. - 05340
E-Mail: jim@stevens-law-firm.com
NATALIE S. STEVENS-GRAZIANI - 74222
E-Mail: natalie@stevens-law-firm.com
Post Office Drawer 127
Loris, South Carolina 29569-0127
843.756.7652;  Fax: 843.756.3785

Attorneys for Plaintiff

November 3, 2016.